UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> Vs. <br><br> DARRON FRANCIS MOTHERSHEAD, <br><br> Defendant. | CASE NO. 5:15-cr-04079-MWB-1 <br><br><br> DEFENDANT'S SENTENCING MEMORANDUM |

COMES NOW the Defendant, through undersigned counsel, and in support of his recommendations for sentencing states the following:

**FACTS**

On November 24, 2015, an Information was filed against the defendant, Darron Mothershead (hereinafter "Mr. Mothershead"), for the following count: Count 1) Felon in Possession of Firearms and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On November 30, 2015, he pled guilty Count 1 as charged. Mr. Mothershead's guilty plea was accepted by the Court and he was adjudicated guilty on December 1, 2015. Mr. Mothershead entered the mentioned guilty plea subject to a plea agreement negotiated between the United States and undersigned counsel. In pertinent part, both parties agreed that the Base Level Offense was at least 24 and a two-point upward enhancement was warranted based on the defendant's possession of three or more firearms. Plea Agreement p. 8.

Briefly stated, Mr. Mothershead has accepted responsibility for his actions and has entered a plea of guilty as discussed above. The Court has accepted his plea. The Presentence Investigation Report (hereinafter "PSR") and the anticipated Prosecutor's argument reveals Mr. Mothershead has an overstated criminal history that has resulted in both criminal history categorization and offense level enhancements contrary to public policy.

1

Significantly, Mr. Mothershead has several convictions included in the criminal history categorization that are considered only for their respective penalties rather than for the actual conduct resulting in conviction. Consideration of the conduct behind convictions will provide an insight into the overstated criminal history categorization proposed by the United States. Additionally, consideration of the previously-mentioned conduct will allow for the determination of criminal history categorization based on Mr. Mothershead's conduct within the meaning of federal statute and judicial discretion and consideration rather than the mere existence of a "conviction" in state court as determined by state statute and state judicial determinations.

This memorandum will analyze the overstatement of Mr. Mothershead's criminal history and recommend that the appropriate criminal history category is no greater than V. Thereafter, the memorandum will detail the factors of 18 U.S.C. § 3553(a) and recommend that an appropriate downward variance be granted as a sentence that is "sufficient, but not greater than necessary."

During the early morning hours of May 5, 2008, Sioux City police officer, Dane Wagner, followed a vehicle that eventually pulled into the parking lot of the Red Cross located at 4200 War Eagle Drive. The driver exited the vehicle and raised the hood on his car. Officer Wagner decided to check on the vehicle and the occupant to see if he needed any help. Prior to approaching Mr. Mothershead, Officer Wagner did not observe him commit any traffic offenses. When Officer Wagner approached the Mothershead vehicle, he could detect an order of marijuana coming from the vehicle. Upon search of Mr. Mothershead and his vehicle, two bags of marijuana were found containing a total of approximately 113g of marijuana. Mr. Mothershead subsequently plead to the possession with intent to distribute in violation of Iowa law.

On April 2, 2009, law enforcement received a complaint that Mr. Mothershead was at his residence smoking marijuana. As Mr.Mothershead was on probation at the time, law enforcement had the right to search his residence. While conducting a search at his residence, law enforcement seized approximately one-half pound of marijuana.

That on October 1, 2009, Mr. Mothershead failed to show up for his probation revocation. Mr. Mothershead ended up entering a plea to the failure to appear and was sentenced, as part of a plea deal in FECR 055507 (felony drug case) and FECR055708 (felony drug case) and the failure to appear. According to Mr. Mothershead, he was sentenced to a five year prison sentence.

## **LAW AND ARGUMENT**

The sentencing proceeding is a 3-step process that begins with a calculation of the Sentencing Guidelines range. *United States v. Braggs*, 511 F.3d 808, 812 (8th Cir. 2008). The court then makes "an individualized assessment based on the facts presented" while also considering all of the factors listed in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38 (2007). The final step allows the district court substantial latitude to vary from the Sentencing Guidelines by comparing them with the § 3553(a) factors and presenting support for variance and the extent thereof. *See United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009); *Braggs*, 511 F.3d at 812.

1. Overstated Criminal History

"Even though criminal history is taken into account in determining the proper advisory Guidelines range, overstated criminal history has always been a permissible basis for a departure or a variance." *United States v. Jimenez-Gutierrez*, 491 F.3d 923, 928 (8th Cir. 2007) (citing

3

*United States v. Beal*, 463 F.3d 834, 836-37 (8th Cir. 2006)). Mr. Mothershead's criminal history was calculated using three felony drug charges, one felony failure to appear, and four misdemeanors (Aggravated Misdemeanor Driving While Barred, Serious Misdemeanor OWI-1st Offense, Simple Misdemeanor Assault, and Simple Misdemeanor 5th Degree Criminal Mischief) for a total of 13 criminal history points and a criminal history categorization of VI. See PSR at paras. 24-38.

Significantly, if any one point is lost from any one of the previously mentioned convictions, Mr. Mothershead will face a level V criminal history categorization and if this honorable Court believes that criminal history relating to the failure to appear and felony drug charges are overstated, Mr. Mothershead could be at a criminal history categorization of III. Also of great significance, Mr. Mothershead received two criminal history points from simple misdemeanor convictions of minimal proportion and degree. One of the simple misdemeanor convictions was the result of breaking a light in a jail cell. See PSR at para. 35. The other was the result of relatively incidental contact with an individual during a confrontation with a third party over ten years ago. Mr. Mothershead concedes that he has a history of drug-related convictions. However, when considered in context, Mr. Mothershead is awarded the worst possible criminal history categorization following the inclusion of relatively minor criminal offenses. Essentially, an offense such as breaking a light (5th Degree Criminal Mischief) purports to catapult Mr. Mothershead into the highest level of criminal history possible. Such a calculation can only be described as an unintended result and contrary to public policy.

Also of note is the fact that Mr. Mothershead is awarded three points for failing to appear for a probation revocation hearing. It is not extremely unusual for defendants to miss a court date for any variety of reasons. One can speculate as to what the reason may have been to include

4

oversleeping or calendaring the date incorrectly. Regardless of the reason, Mr. Mothershead is given three points toward his criminal history categorization as the result of what could have been a very innocent mistake for which his probation was already revoked and for which Mr. Mothershead already served a significant period of imprisonment. It seems contrary to public policy to award three points for an original criminal offense while also adding another three points because of a missed court date related to the same previously-mentioned offense. Interestingly, this combination of six criminal history points amounts to nearly half of Mr. Mothershead's total criminal history points. Simply put, nearly half of his points are related to one case from his past and immediately project him halfway to the maximum criminal history categorization.

It is in a situation such as this that understanding the rescission of *mandatory* application of the Sentencing Guidelines and imposition, rather, of a *discretionary* review by the court with broad latitude to grant a departure or variance becomes easy. The cited criminal history that raises Mr. Mothershead to a category VI is overstated. Pursuant to the Sentencing Guidelines § 4A1.3, the Court may grant a downward departure with regard to criminal history category by providing "specific reasons why the applicable criminal history category substantially over-represents the seriousness of the defendant's criminal history." U.S. Sentencing Guidelines § 4A1.3(c)(2). It is clear that utilizing a simple misdemeanor, for example, to obtain the highest level of criminal history categorization and criminal culpability is a substantial over-representation of Mr. Mothershead and beyond the scope of the policy for which criminal history categorization was created.

A downward departure with regard to the calculated criminal history category VI is warranted.

2. <u>Variance from the Calculated Sentencing Range</u>

In the event that the court does not choose to grant a departure as discussed above, or in such an event that a departure does not result in a "sufficient, but *not greater than necessary*" sentence, the court retains the authority to grant a downward variance based on an overstated criminal history. 18 U.S.C. § 3553(a); *Jimenez-Gutierrez*, 491 F.3d at 926, 928.

Mr. Mothershead's recommended sentencing range was based on a Total Offense Level of 23 and Criminal History category VI. See PSR at paras. 22, 38. Therefore, the associated Guidelines range would be 92-115 months' imprisonment. However, following the calculation of the sentencing guideline range, an analysis of the factors present in 18 U.S.C. § 3553(a) must be conducted to determine "any appropriate departures from the guidelines." *United States v. Shannon*, 414 F.3d 921, 923 (8th Cir. 2005). However, a departure is simply an assertion that the Total Offense Level or Criminal History category is incorrect or inappropriate and should be altered to accurately fit the facts of a case. *See United States v. Chase*, 451 F.3d 474, 482 (8th Cir. 2006). A variance, on the other hand, is an analysis of the following 3553(a) factors from which the Court may vary the sentence regardless of the Total Offense Level or the Criminal History Category and the associated Guidelines range. *See United States v. Vandebrake*, 771 F. Supp. 2d 961, 999 (N.D. Iowa 2001). In addition to consideration of the 3553(a) factors listed below, where "a sentencing court fully explains a well-reasoned rationale for rejecting an advisory Guidelines range under § 3553(a), and that explanation relies on grounds more nuanced and specific than provided within the Guidelines," such an explanation is an increased level of serious consideration and is adequate to support a variance.

The factors of consideration set forth in 3553(a) are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established;

(5) any pertinent policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (2015). Each consideration pertinent to this case will be addressed in turn.

A. <u>Nature/Circumstances of Offense and History/Characteristics of Defendant</u>

Mr. Mothershead is a 29-year-old man that enjoys the company and support of his wife, three small biological children (ages 6, 5, and 3), and stepson (age 16). PSR at para. 47. He has been married for eight years and has a "great relationship with all of his children, stepson, and wife." *Id*. Unfortunately, the same cannot be said of Mr. Mothershead's relationship with his parents. His mother recently moved to New York to "pursue an online relationship." PSR at para. 46. He has not spoken with his father in over a year and does not know where his father is located. *Id*. Mr. Mothershead's father has had minimal involvement in his life and has been known to abuse drugs and alcohol. *Id*. Mr. Mothershead's mother, on the other hand, suffers from a gambling addiction and would "often disappear for days at a time" while Mr. Mothershead was growing up. *Id*. Mr. Mothershead was usually left in the care of either his grandmother, Marjorie Coon, or his brother and sister-in-law, Quincy and Kristen Kirchner. He currently has a great deal of supplemental support from Quincy, Kristen, and Marjorie.

7

While Mr. Mothershead was growing up, he was often abandoned by his mother, and his father was relatively non-existent. *Id*. This lead to Mr. Mothershead's eventual demise within the eyes of the law. He began using alcohol and marijuana at 8 years old. PSR at paras. 51-52. His marijuana use graduated into methamphetamine, cocaine, and other illegal substances. PSR at paras. 53-55. During the course of this activity, Mr. Mothershead was placed in several group homes and was eventually diagnosed with and treated for anxiety, depression, and ADHD. PSR at 48, 50. Mr. Mothershead was also treated for back pain that resulted in "multiple surgeries." PSR at para. 49.

Over the past 15 years, Mr. Mothershead has incurred a lengthy criminal record that has incidentally corresponded with many of the characteristics associated with his familial situations, parental abandonment, medical diagnoses, and group home placement. Mr. Mothershead has participated in several substance abuse programs and was diagnosed with cannabis dependence. PSR at para. 56. While the correlation of circumstances does not excuse criminal activity, it provides adequate insight beyond that which may be presented in a narrow review of criminal charge and conviction history. The surrounding circumstances of Mr. Mothershead's history reflect an over-representation of his criminal history and, therefore, warrant a downward variance from the sentencing guidelines calculated range.

B. <u>Need for Sentence Imposed</u>

This factor considers the need to reflect the seriousness of the crime, adequately deter criminal conduct, protect the public, and provide the defendant with necessary treatment. It is worth noting that "[a] sentence lacking any legitimate penological justification is by its nature disproportionate to the offense." *Graham v. Florida*, 560 U.S. 48, 71 (2010). The U.S. Supreme

Court went on to confirm "legitimate penological justification" as that which satisfies at least one of the theories of punishment: retribution, deterrence, incapacitation, or rehabilitation. *Id*.

The court must consider a sentence that will adequately reflect the seriousness of the crime. It is important to note that this factor can be accomplished in a variety of ways. Specifically, the U.S. Supreme Court confirmed in *Gall* that imposing a period of probation in lieu of imprisonment for conspiracy drug charges *is* acceptable as long as the sentence is adequately supported by findings made during sentencing. *Gall*, 5525 U.S. at 59-60 (stating that a "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). By adopting this language, the U.S. Supreme Court verified the broad discretion the sentencing court retained to serve legitimate penological interests of the United States in a variety of ways.

"[I]mprisonment may work to promote…derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." *Gall*, 552 U.S. at 54. Mr. Mothershead has a troubled and lengthy history of parental abandonment, placement in group homes, physical, mental, and emotional health conditions, substance abuse in the form of cannabis dependence, and other underlying issues. The sentencing guidelines give little or no consideration to this type of situation. However, the sentencing court is granted significant deference and wide latitude to address precisely this type of concern. Rather than addressing conduct swiftly and harshly by immediate incarceration as the preferred method of instruction, punishment, and/or rehabilitation, the U.S. Supreme Court warned that this action could have the opposite effect.

There is not a need for a sentence extended to a length recommend by the guidelines calculation. Rather, a shorter period of incarceration combined with special conditions such as
9

medical evaluation and progression monitoring, administration of appropriate medications to combat underlying health issues, and intense substance abuse treatment are sufficient to accomplish the goals of the penal system and support the identified theories of punishment therein.

## CONCLUSION

Several additional reasons support a downward variance in this case. As suggested above, Mr. Mothershead enjoys support from his immediate family as well as those that cared for him as a child. He has accepted responsibility for his actions. His criminal history has directly correlated with the previously-mentioned family, health, and substance abuse issues Mr. Mothershead's past has presented. Because he has taken responsibility for his actions and underlying conditions resulting in criminal activity have been generally identified but would benefit from a more in depth analysis, an objective review of Mr. Mothershead's criminal history is inadequate. Rather a subjective and in-depth review of the conduct of his criminal history and the surrounding circumstances will reveal that his criminal history is overstated and downward departure or variance is, therefore, warranted.

WHEREFORE, the undersigned requests that this Court take the position that a downward departure from the Criminal History Categorization of VI is warranted or, in the alternative, a downward variance from the calculated range of 92-115 months is warranted; along with such other further relief as the Court deems just and proper in the premises.

10
Case 5:15-cr-04079-LTS-KEM   Document 32   Filed 04/12/16   Page 10 of 11

RESPECTFULLY SUBMITTED:

/s/ Aaron D. Hamrock_____
Aaron D. Hamrock (AT0003107)
McCARTHY & HAMROCK, P.C.
1200 Valley West Drive, Ste. 400
West Des Moines, IA 50266
PH: (515) 279-9700
FAX: (515) 279-8355
EMAIL: aaron@mccarthyandhamrock.com
ATTORNEY FOR DEFENDANT.

Original Filed Electronically.

Electronically Copied to:

Jamie D Bowers
US Attorney's Office
600 4th Street, Ste. 670
Sioux City, IA 51101

hdz:\users\adh\mothershead, darron\sentencing memo.doc

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on the 12th day of April, 2016.

By: ☐ U.S. Mail   ☐ FAX
    ☐ Hand Delivered   ☐ Overnight Courier
    ☐ Federal Express   ☒ Other: Electronically

Signature: _____/s/ Amanda M. Neff_____