# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DARRON FRANCIS MOTHERSHEAD, Defendant. | No. CR15-4079-LTS<br><br>**ORDER** |

This matter is before me on a motion (Doc. 40) for compassionate release and a supplement (Doc. 42) filed by defendant Darron Mothershead. On April 13, 2016, United States District Judge Mark W. Bennett sentenced Mothershead to 92 months' imprisonment after he pleaded guilty of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Docs. 15, 34.

Mothershead is 34 years old and, according to the online Bureau of Prisons (BOP) inmate locator, is currently incarcerated at FCI Gilmer, in Glenville, West Virginia.[1] His projected release date is August 18, 2022. He states he is at a high risk of serious illness if he were infected with COVID-19 because of his health conditions, which include obesity, asthma and sleep apnea. Mothershead also states that he has achieved significant rehabilitation while incarcerated.

The term "compassionate release" refers to 18 U.S.C. § 3582(c)(1)(A), which allows a defendant to directly petition a district court for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

---

[1] As of April 11, 2021, 335 inmates are positive for COVID-19 at that facility. *See COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited April 11, 2021).

receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant fully exhausts administrative remedies, the court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020). Mothershead alleges he submitted his request for compassionate release to administrator of his facility but was denied. Doc. 40 at 8. I will assume he has exhausted his administrative remedies.

However, Mothershead's motion fails to demonstrate extraordinary and compelling reasons justifying his early release. A general fear of contracting COVID-19 in prison is not an extraordinary and compelling reason to grant compassionate release. *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID19 do not meet the criteria or extraordinary and compelling reasons . . . ."). Mothershead alleges that he suffers from asthma, obesity and sleep apnea.[2] Of those, asthma and obesity are potential COVID-19 comorbidities.[3] However, Mothershead, who is young, does not allege that his asthma is severe, uncontrolled, or impacts his daily living.[4] Thus, his conditions do not amount to extraordinary or compelling reasons justifying early release

---

[2] Mothershead's presentence investigation report (PSIR), from 2016, listed back pain as his only ongoing medical condition. Doc. 19 at 10.

[3] The CDC tracks classes of people who are at higher risk for COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 11, 2021). Individuals with moderate to severe asthma, and obese individuals, may be at a higher risk if they contract COVID-19.

[4] Mothershead does allege the BOP is failing to treat his sleep apnea, refuses to supply him a CPAP machine and has failed to provide him glasses. To the extent Mothershead alleges that the BOP is failing to provide him proper medical treatment, that issue is better suited to an action filed pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in the jurisdiction in which he is incarcerated.

under 18 U.S.C. § 3582(c)(1)(A)(i), even in light of the COVID-19 pandemic.

Finally, Mothershead's efforts at rehabilitation cannot alone constitute an extraordinary and compelling reason for release. *United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020) (citing 28 U.S.C. § 994(t)). His motion (Doc. 40) for compassionate release is **denied**.

**IT IS SO ORDERED.**

**DATED** this 14th day of April, 2021.

_____
Leonard T. Strand, Chief Judge